## SUPERIOR COURT OF BALTIMORE CITY

Filed January 13, 1900.

PHILIP F. BLACKBURN
VS.
JAMES H. LIVINGSTON.

Geo. M. Lane for petitioner.

STOCKBRIDGE, J.—

The application for a mandamus in this case has reference to the character of the oath required to be administered to applicants for a license to keep an ordinary. The petition avers, and the answer admits, that the practice has been for a long series of years, not to require of such applicant any oath.

But, whatever, the practice may have been, there can be no doubt that before such license can be validly issued an oath shall be administered. Such is the plain, unequivocal language of the statute. Code Public General Laws, Art. 56, sec. 68.

The real point of controversy in the case is, what the oath required of the applicant shall be. It appears from the petition and papers filed in the case, that such licenses are issued to the Clerk of the Court of Common Pleas in Baltimore City by the State Comptroller, and such licenses purport to give on the back of them extracts from the statute relating to the licenses of ordinary keepers. The second of these is that the applicant is "required to make oath or affirmation that he has bona fide, and without intending to evade the requirements of the law, provided and expects · to maintain six

good beds with sufficient covering therefor, and three rooms more than sufficient for the private uses of said ordinary keeper, with stabling and provender for five horses at least."

And this oath, the defendant, the Clerk of the Court of Common Pleas of Baltimore City, claims to be the oath to be administered by him. The section of the Code already referred to, Article 56, Section 68 contains the language which thus appears upon the back of the license, but it contains more than that, and after the provision already cited, further provides, that "if said applicant resides in the City of Baltimore, that he has provided and expects to maintain twelve good beds with covering as aforesaid, and six rooms." There can be no doubt or question that if an applicant for such a license is resident in Baltimore City, the legislative intent was that he should be required to maintain twelve beds and six rooms, and also to require an affidavit to that effect from him at the time of his making application for his license. The first portion of the section provides the general law for the State of Maryland, while the concluding lines make a distinct provision for the city of Baltimore, a provision different from and in some respects more exacting than is required for the balance of the State. It was manifestly not the intention of the Legislature to require two oaths from the applicant, and following the well-known principle that special and limited provisions of a statute must prevail within the prescribed limits over· statutes general in their character, it follows that the oath with regard to rooms, so far as the city of Baltimore is concerned, is to be found in the concluding portion of ·the section, not in the earlier. The provisions with regard to stabling and provender for horses is a provision which exists, and exists only in the earlier or general portion of the section, no reference or suggestion, even, is made in the concluding portion applicable to the City of Baltimore, as to the maintenance or stabling accommodations. The local provisions of the Act do distinctly by reference, cover the character of the coverings upon the beds, a provision no more important, certainly, than that with regard to the stabling for horses, and it cannot, therefore, he assumed that it was the legislative intent to require the provision with regard to

stabling as a portion of the oath to be administered to an applicant for an ordinary license in the City of Baltimore. The fact that the Comptroller, of the State, in causing to be printed one form of license only, and sending to the Clerk of the Court of Common Pleas in Baltimore City the same form as that sent to the clerks of the various circuit courts for the several counties, can not operate to modify, or change the statute of the State. Its only effect can be to mislead the Clerk of the Court of Common Pleas of this city, and possibly persons making application for an ordinary license. No power is vested in the Comptroller to form regulations or by the frame of a license, or anything which he may print thereon, to alter the plain provisions of the Act of Assembly. The prayer of the petitioner will therefore, be granted, requiring James H. Livingston, Clerk of the Court of Common Pleas of Baltimore City to administer to Philip F. Blackburn, the petitioner, the oath provided for the City of Baltimore by section 68 of Article 56, that he, the petitioner, has bona fide, and without intending to evade the requirements of this Article, provided and expects to maintain twelve good beds with sufficient covering therefor, and six rooms more than sufficient for the private uses of said applicant.